FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2011 NOV 30  AM 11: 35

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VICTOR JIMENEZ, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| UNITED STATES OF AMERICA, UNKNOWN AGENT(S) OF IMMIGRATION AND CUSTOMS ENFORCEMENT, in their individual capacities; | ) |
| Defendants. | ) |

**1:11-cv-1582 RLY-TAB**

## COMPLAINT

**Introduction**

1. Plaintiff Victor Jimenez is a United States Citizen who was naturalized more than ten years ago. Unknown Immigration and Customs Enforcement ("ICE") Agent(s) nonetheless issued an immigration detainer against Mr. Jimenez without any cause whatsoever on the negligently erroneous belief that he was an undocumented and deportable alien. As a result, Mr. Jimenez, who had been arrested, was held on an immigration hold, rather than being released. The actions of the Unknown ICE Agent(s) violated Mr. Jimenez's rights under the Fourth Amendment. Additionally, under the Federal Tort Claims Act, the United States is liable for the negligence, false imprisonment, and other torts of its employees.

**Jurisdiction, Venue, and Cause of Action**

2. This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 and § 1346.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

4. This action is brought pursuant to the Fourth Amendment of the U.S. Constitution and

Page | 1

pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

5. Plaintiff has complied with all pre-requisites for claims under the Federal Tort Claims Act. Pursuant to 28 U.S.C. § 2675, Mr. Jimenez sent his administrative claim to the Department of Homeland Security on April 13, 2011. There has been no reply and therefore, with the passage of six months, Mr. Jimenez is deeming the claim to be denied pursuant to 28 U.S.C. § 2675(a).

**Parties**

6. Plaintiff Victor Jimenez is a naturalized citizen of the United States and resides in Marion County, Indiana. He is married and has four children.

7. Defendant ICE agent(s) are one or more individuals whose identities are not currently known to the plaintiff. Upon information and belief, they were, at all times relevant to this Complaint, agents, employees, officers or otherwise representatives ICE, the investigative arm of the U.S. Department of Homeland Security. ICE agents have the responsibility of investigating, arresting, and detaining undocumented aliens subject to deportation.

8. ICE is part of the U.S. Department of Homeland Security, an agency of the United States.

**Factual Allegations**

9. ICE agents issue immigration detainer requests to local law enforcement agencies, pursuant to 8 C.F.R. § 287.7 for the purpose of "arresting and removing" aliens. *See* 8 C.F.R. § 287.7(a).

10. Upon receiving an immigration detainer notice, the local law enforcement agency is required to "maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays" past the time the detainee would normally be released. 8

C.F.R. § 287.7(d).

11. However, a detainer may only be issued if the ICE official has probable cause that the alien is not lawfully admitted or present in the United States. *See* 8 U.S.C. § 1357(d)(1).

12. Furthermore, ICE agents have been specifically informed of the need to ensure that American citizens are not impermissibly detained on immigration detainers. On November 19, 2009, Assistant Secretary John Morton issued the second of two memorandums emphasizing that "ICE cannot assert its civil immigration enforcement authority to arrest and/or to detain a USC [United States citizen] and that "[i]f evidence indicates the individual is a USC [United States citizen], ICE should neither arrest nor place the individual in removal proceedings." John Morton, *Superseding Guidance on Reporting and Investigating Claims to United States Citizenship*, at 1. The memorandum is attached to this Complaint.

13. Upon information and belief, when a person is processed into the Marion County Jail, his or her information is entered into the Jail Information Management System, including, among other things, his or her name, date of birth, place of birth, and social security number.

14. Upon information and belief, ICE agents have constant access to Marion County Jail's Jail Information Management System and regularly review the records of new detainees.

15. Mr. Jimenez was born in Mexico, but was naturalized as an American citizen in 2000.

16. He has an American passport and a Social Security number. Both documents state his name as "Victor Manuel Jimenez."

17. Mr. Jimenez also has an Indiana driver's license. The name on his license is "Victor Manuel Jimenez."

18. At or around 11:30 pm on Saturday, August 28, 2010, Mr. Jimenez was stopped in his vehicle and detained by an unknown police officer from the Indianapolis Metropolitan Police

Department (IMPD) on the suspicion that Mr. Jimenez had been driving under the influence of alcohol.

19. At that time, Mr. Jimenez gave the police officer his Indiana driver's license and the police officer kept it.

20. Under Indiana law, only citizens of the United States or person's with lawful immigration status may obtain a driver's license.

21. Mr. Jimenez was then taken briefly to the Shelby Street police station in Indianapolis, Indiana and then to the Arrestee Processing Center where he was processed.

22. While he was being processed, Mr. Jimenez provided his name, address, and other identifying information.

23. Upon information and belief, early the next morning on Sunday, August 29, 2010, defendant Unknown ICE Agent(s) issued an immigration detainer that required that Mr. Jimenez be held for up to 48 hours from when he would otherwise be released.

24. At no point prior to the issuance of the immigration detainer was Mr. Jimenez interviewed by anyone from ICE regarding his citizenship or his immigration status. In fact, from his name, date of birth, social security number, and other information contained in the Marion County Jail's Jail Information Management System, an employee of ICE could easily verify that Mr. Jimenez was an American citizen.

25. At no point did the defendant Unknown ICE Agent(s) have probable cause or reasonable suspicion that Mr. Jimenez was in this country illegally.

26. The morning of Sunday, August 29, 2010, Mr. Jimenez had his bail hearing and his bail was set for $150.

27. At approximately 10:00 am, Mr. Jimenez's brother-in-law and father-in-law attempted to

pay bail at the Arrestee Processing Center. However, they were told that Mr. Jimenez had.

28. On Monday, August 30, 2010, Mr. Jimenez's wife again attempted to post bail. At that time, she was told that ICE had issued an immigration detainer on Mr. Jimenez and that there was no bail to be paid since Mr. Jimenez was in the hands of ICE.

29. Eventually, Mr. Jimenez was taken to the Marion County Jail. Worried about his continued detention, Mr. Jimenez asked an employee of the Marion County Jail why he was still not being released on bail. He was told that ICE had issued an immigration detainer and that he would be held pending deportation proceedings.

30. Fearing an erroneous deportation, Mr. Jimenez adamantly protested to the correctional officer that he was an American citizen and that there had been a mistake. Mr. Jimenez, however, was never given an opportunity to prove his U.S. citizenship to the Unknown ICE Agent(s) who issued his detainer and therefore his erroneous detention continued.

31. On Tuesday, August 31, 2010, Mr. Jimenez was taken back to court where he obtained a continuance for the hearing on his driving charge.

32. At 11:04 am, with the help of Mr. Jimenez's public defender, Mr. Jimenez's wife was finally able to post bail.

33. However, Mr. Jimenez was still not released because of the hold erroneously imposed by the Unknown ICE Agent(s).

34. That same day, Mr. Jimenez was transferred to a new cell block at the Marion County Jail where there were other persons of Hispanic descent.

35. Worried that a terrible mistake had been made, Mr. Jimenez continued to protest to the correctional officers, employees of the jail, and other detainees that he was an American citizen. Again, the Unknown ICE Agent(s) did nothing to verify Mr. Jimenez's citizenship and Mr.

Jimenez never had the opportunity to prove his citizenship to the Unknown ICE Agent(s).

36. On Wednesday, September 1, 2010, Mr. Jimenez had his clothing returned and was taken to another cell where three Hispanic men were being detained for various immigration-related offenses.

37. On Wednesday, September 1, 2010, Mr. Jimenez was taken from the Marion County Jail and loaded into a van driven by an employee of ICE. Mr. Jimenez recognized the employee as someone who on occasion visited the restaurant where Mr. Jimenez worked. Mr. Jimenez does not know his name.

38. Mr. Jimenez was told by the ICE employee that he was going to be taken to Chicago, Illinois to face deportation proceedings. Mr. Jimenez again protested that a mistake had been made and that he was a naturalized U.S. citizen.

39. Before departing for Chicago, the ICE agent stopped at the local ICE office in Indianapolis to verify Mr. Jimenez's immigration status. The officer requested Mr. Jimenez's name and birth date and was able to verify that Mr. Jimenez was in fact an American citizen and that he should be released.

40. Finally, more than three days after he would have been able to be released on bail, but for the hold erroneously imposed by the Unknown ICE Agent(s), Mr. Jimenez was released from custody.

41. The Unknown ICE Agent(s) owed Mr. Jimenez a duty of care to prevent his imprisonment without cause and legal authority and breached that duty, leading to Mr. Jimenez's continued imprisonment past the time that he would otherwise have been released on bail.

42. As a direct and proximate result of the defendant Unknown ICE Agent(s) unlawful and erroneous issuance of an immigration detainer, Mr. Jimenez suffered substantial damages,

including physical pain and suffering, emotional distress and harm, humiliation, lost wages, and loss of liberty.

43. Among other things, Mr. Jimenez missed two days of work and was not paid for the days he missed.

44. At the time of his unlawful detention, Mr. Jimenez's wife was six months pregnant and was scheduled for a doctor's visit to receive an ultrasound to discover the gender of his baby. As a result of his erroneous detention, Mr. Jimenez was not able to accompany his wife on this momentous occasion in his family's life and he feared for the health of his wife and unborn child.

45. Mr. Jimenez also experienced extreme anxiety from the prospect of being erroneously deported, being separated from his pregnant wife and three children, and the humiliation of being labeled an unlawful alien.

46. Mr. Jimenez also experienced physical discomforts and anxiety caused by his improper imprisonment for three days.

47. Defendant Unknown ICE Agent(s)' issuance of the detainer, without probable cause, was the direct and proximate cause of Mr. Jimenez being detained for three days past the date he should have been released.

48. At all times Defendant Unknown ICE Agent(s) failed to exercise reasonable care with regard to the initial and continued detention of Mr. Jimenez.

49. At all times, the defendant ICE agent(s) acted under the color of federal law and within the scope of the agent(s) employment.

**Request for jury trial**

50. Plaintiff requests a jury trial on all claims in this case that may, pursuant to federal law,

Page | 7

be tried to a jury.

**Cause of Action**

51. Defendant Unknown ICE Agent(s)' issuance of an immigration detainer against Mr. Jimenez without probable cause or reasonable suspicion to believe that he was an alien subject to detention and removal constitutes an unreasonable seizure in violation of the Fourth Amendment. This claim is made pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

52. The actions of the Defendant Unknown ICE Agent(s), resulting in the erroneous detention of, and injury to, Mr. Jimenez, represent negligence and caused plaintiff false imprisonment and the United States is therefore liable under the Federal Tort Claims Act.

**Request for relief**

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Accept jurisdiction of this case.

b. Award plaintiff his compensatory damages.

c. Award all other proper relief.

Kenneth J. Falk
No. 6777-49
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org

Gavin M. Rose
No. 26565-53
ACLU of Indiana
1031 E. Washington St.

Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
grose@aclu-in.org

Attorneys for Plaintiff