Policy Number: 16001.1
FEA Number: 045-01

*Office of the Assistant Secretary*

U.S. Department of Homeland Security
500 12th Street, SW
Washington, D.C. 20536

NOV 1 9 2009



U.S. Immigration
and Customs
Enforcement

MEMORANDUM FOR:   Field Office Directors
                  Special Agents in Charge
                  Chief Counsels

FROM:             John Morton
                  Assistant Secretary

SUBJECT:          Superseding Guidance on Reporting and Investigating Claims
                  to United States Citizenship

This memorandum supersedes the guidance issued on November 6, 2008, entitled "Superseding Guidance on Reporting and Investigating Claims to United States Citizenship." This guidance is intended to ensure claims to U.S. citizenship receive immediate and careful investigation and analysis.

While performing their duties, U.S. Immigration and Customs Enforcement (ICE) officers, agents, and attorneys, may encounter aliens who are not certain of their status or claim to be United States citizens (USC). As the Immigration and Nationality Act (INA) provides numerous avenues for a person to derive or acquire U.S. citizenship, ICE officers, agents, and attorneys, should handle these matters with the utmost care and highest priority. While some cases may be easily resolved, because of the complexity of citizenship and nationality law, many may require additional investigation and substantial legal analysis. As a matter of law, ICE cannot assert its civil immigration enforcement authority to arrest and/or detain a USC. Consequently, investigations into an individual's claim to U.S. citizenship should be prioritized and Office of Investigations (OI) and Detention and Removal Operations (DRO) personnel must consult with the Office of the Principal Legal Advisor's (OPLA) local Office of the Chief Counsel (OCC) as discussed below.

### Claims at the Time of Encounter

When officers and agents encounter an individual who they suspect is without lawful status but claims to be a USC, the situation will fall into one of three categories: 1) evidence indicates the person is a USC; 2) some evidence indicates that the individual may be a USC but is inconclusive; and 3) no probative evidence indicates the individual is a USC. If evidence indicates the individual is a USC, ICE should neither arrest nor place the individual in removal proceedings. Where there is *some* probative evidence that the individual is a USC, officers and agents should consult with their local OCC as soon as practicable. After evaluating the claim, if the evidence of U.S. citizenship outweighs evidence to the contrary, the individual should not be taken into custody. The person may, however, still be placed in removal proceedings if there is reason to believe the

Subject: Superseding Guidance on Reporting and Investigating Claims to United States Citizenship

individual is in the United States in violation of law. Finally, where no probative evidence of U.S. citizenship exists and there is reason to believe the individual is in the United States in violation of law, the individual may be arrested and processed for removal. In all cases, any uncertainty about whether the evidence is probative of U.S. citizenship should weigh against detention.

### Claims by Individuals Subject to an NTA

Agents and officers must fully investigate the merits of any claim to citizenship made by an individual who is subject to a Notice to Appear (NTA), whether the claim was made before or after the NTA was served on the individual. Such investigations should be prioritized and OI and DRO personnel should consult with their local OCC as soon as practicable when investigating such claims. In addition, OI and DRO, along with their local OCC, must jointly prepare a memorandum examining the claim using the attached template. A notation should be made in the Enforce Alien Removal Module (EARM) and a copy of the memorandum should be placed in the alien's A-file. The memorandum should also be saved in the General Counsel Electronic Management System (GEMS) and notated using the designated GEMS barcode.

### Claims by Detained Individuals

If an individual already in custody claims to be a USC, an officer must immediately examine the merits of the claim and notify and consult with his or her local OCC. If the individual is unrepresented, an officer must immediately provide the individual with the local Executive Office for Immigration Review (EOIR) list of pro bono legal service providers, even if one was previously provided.

DRO and OPLA must also jointly prepare and submit a memorandum examining the claim and recommending a course of action to the HQDRO Assistant Director for Operations at the "USC Claims DRO" e-mailbox and to the HQOPLA Director of Field Operations at the "OPLA Field Legal OPS" e-mailbox. Absent extraordinary circumstances, this memorandum should be submitted no more than 24 hours from the time the individual made the claim. HQDRO and HQOPLA will respond to the field with a decision on the recommendation within 24 hours. A notation should be made in EARM and a copy of the memorandum and resulting decision should be placed in the alien's A-file. The memorandum and resulting decision should also be saved in GEMS and notated using the designated GEMS barcode.

If the individual's claim is credible on its face, or if the investigation results in probative evidence that the detained individual is a USC, the individual should be released from detention. Any significant change in circumstances should be reported to the "USC Claims DRO" e-mailbox and the "OPLA Field Legal Ops" e-mailbox.

### Examination of the Merits

Interviews with detainees making such claims must be conducted by an officer or agent in the presence of and/or in conjunction with a supervisor. Interviews will be recorded as sworn statements and must include all questions needed to complete all fields on a Record of Deportable

2

Subject: Superseding Guidance on Reporting and Investigating Claims to United States Citizenship

Alien, Form I-213. In addition, the sworn statement must include additional probative questions designed to elicit information sufficient to allow a thorough investigation of the person's claim of citizenship. Additional steps to be taken may include vital records searches, family interviews, and other appropriate investigative measures. Officers and agents should also work with their local United States Attorney's Office to ensure that any statement includes information sufficient to use in prosecuting appropriate cases under 18 U.S.C. § 911, should it ultimately come to light that the individual intentionally made a false claim to U.S. citizenship.

### State and Local Officers with Authority under INA § 287(g)

Field Office Directors (FODs) and Special Agents in Charge (SACs) shall ensure that all state and local officers with delegated immigration authority pursuant to INA § 287(g) within their area of responsibility understand and adhere to this policy. FODs and SACs are expected to thoroughly investigate all USC claims made by individuals encountered by 287(g) designated officers.

3